**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRIAN BOYD, ) | CASE NO. 1:12 CV 1755 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| RICHLAND CORRECTIONAL ) | AND ORDER |
| INSTITUTION WARDEN, ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Brian Boyd filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is currently in the Richland Correctional Institution, having pled guilty to drug trafficking, felonious assault, and having a weapon under disability. He is serving a sentence of six years incarceration.

### I. Procedural Background

Petitioner was charged in four separate criminal actions in the Cuyahoga County Court of Common Pleas. He was arrested on December 27, 2009 and charged with one count of drug trafficking offenses with a forfeiture specification, one count of drug possession and one count of possession of criminal tools. *See State of Ohio v. Boyd*, No. CR-09-532694 (Cuyahoga Cty Ct. Com. Pl. indict filed Jan. 29, 2010). He entered into a plea agreement on August 3, 2010 in which he

agreed to plead guilty to count one of the indictment charging him with drug trafficking with a forfeiture specification in exchange for dismissal of counts two and three of the indictment. *Id.*

Petitioner was arrested again on February 1, 2010 and charged with two counts of aggravated robbery, one count of kidnaping, two counts of felonious assault with a firearm specification, one count of having a weapon under disability, and one count of domestic violence. *See State of Ohio v. Boyd*, No. CR-10-5347980 (Cuyahoga Cty Ct. Com. Pl. indict filed Mar. 12, 2010). He entered into a plea agreement on August 3, 2010 in which he agreed to plead guilty to count 4 of the indictment as amended to charge him with felonious assault with no specification, and count 6, having a weapon under disability. The State agreed to dismiss the charges contained in counts 1, 2, 3, 5, and 7 of the indictment. *Id.*

Petitioner was arrested on February 24, 2010 and charged with one count of drug trafficking, one count of drug possession, and one count of possession of criminal tools. *See State of Ohio v. Boyd*, No. CR-10-536138 (Cuyahoga Cty Ct. Com. Pl. indict filed April 23, 2010). Petitioner entered into a plea agreement on August 3, 2010 in which he agreed to plead guilty to count 1 of the indictment charging him with drug trafficking with a forfeiture specification in exchange for the dismissal of counts 2 and 3 of the indictment. *Id.*

Finally, Petitioner was arrested on April 3, 2010 and charged with one count of drug trafficking, one count of drug possession, and one count of possession of criminal tools. *See State of Ohio v. Boyd*, No. CR-10-538834 (Cuyahoga Cty Ct. Com. Pl. indict filed June 29, 2010). Petitioner entered into a plea agreement on August 3, 2010 in which he agreed to plead guilty to count 1 of the indictment charging him with drug trafficking with a forfeiture specification in exchange for the dismissal of counts 2 and 3 of the indictment. *Id.*

Petitioner was sentenced in all four cases on September 10, 2010. In Case No. CR-09-532694, Petitioner was sentenced to one year incarceration to be served concurrent to the sentence he received in Case No. CR-10-534790, but consecutive to the sentences he received in Case Nos. CR-10-536138 and CR-10-538834. He was also ordered to forfeit a Blackberry cell phone, $175.00 in cash and sandwich baggies. In Case No. CR-10-534790, Petitioner was sentenced to two years incarceration on count 4, and one year incarceration on count 6, to be served concurrent with each other and concurrent with CR-09-532694, CR-10-536138 and CR-10-538834. He was sentenced in Case No. CR-10-536138 to three years incarceration to be served concurrent to CR-10-534790, but consecutive to CR-09-532694 and CR-10-538834. He was required to forfeit one Verizon cell phone and $36.00 in cash. In Case No. CR-10-538834, Petitioner was sentenced to two years incarceration to be served concurrent to CR-10-534790, but consecutive to CR-10-536138 and CR-09-532694. He was also required to forfeit two Sprint cell phones and $414.00 in cash. Petitioner's aggregate sentence on all charges is six years incarceration. He did not immediately file an appeal of his convictions or his sentences.

On January 20, 2012, over a year after his sentencing hearing, Petitioner filed a Notice of Appeal and Motion for Leave to File a Delayed Appeal in the Ohio Eighth District Court of Appeals. He does not indicate the assignments of error he raised in that appeal. The Motion for Leave to File Delayed Appeal was denied and the appeal was dismissed on February 2, 2012. Petitioner filed an appeal of the denial of this Motion to the Ohio Supreme Court on March 23, 2012. In this appeal, he asserted only one assignment of error, to wit, that the trial court erred by denying his Motion for Leave to File a Delayed Appeal. The Ohio Supreme Court denied his Motion for Leave to Appeal on June 6, 2012.

**II. Habeas Petition**

Boyd filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 10, 2012. In the Petition, he asserts only one ground for relief:

> Petitioner was denied his Appellate rights and further denied a Delayed Appeal by the State Courts.

(Doc. 1 at 6). In support of this ground, he asserts two claims. First he contends the trial court failed to advise him of his right to appeal. Second, he asserts his trial counsel was ineffective for failing to file a timely notice of appeal.

**III. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774 -76.

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

**IV.     Exhaustion of State Court Remedies**

In addition, a federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.

1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Under Section 2254 of the AEDPA, a federal court cannot grant a writ of habeas corpus to a prisoner held in state custody unless the applicant has exhausted all available remedies in state court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory

which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

Petitioner has not exhausted the claims he asserts in this habeas petition. He contends that the trial court failed to advise him of his right to appeal and his trial counsel was ineffective for failing to file a timely notice of appeal on his behalf. He filed a Motion for Leave to File a Delayed Appeal more than one year after his sentencing hearing. It was denied. He attempted to argue that the Court of Appeals erred by refusing to allow him to pursue a delayed appeal, but he was denied leave by the Ohio Supreme Court. Petitioner does not indicate the grounds he attempted to raise in the delayed appeal to the Ohio Eighth District Court of Appeals. He, however, did not argue in the Ohio Supreme Court that the trial court failed to inform him of his right to appeal or that his trial counsel was ineffective. To be exhausted, both of these claims must be presented to the Ohio Supreme Court under the same legal theory in which it is later presented in federal court. *Wong*, 142 F.3d at 322. Because Petitioner did not assert either of his habeas claims under the same legal theory to the Ohio Supreme Court, and because he was prohibited from pursuing his appeal because it was untimely, he has not exhausted his state court remedies.

**IV.     Procedural Default**

If under state law there remains a remedy that a Petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot entertain the merits of the claim. 28 U.S.C. § 2254(c). Rather than dismiss certain claims the Court deems unexhausted, however, a habeas court need not wait for exhaustion if it determines that a return to state court would be futile. *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001). In that circumstance, the habeas court may deem the claim

procedurally defaulted. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

A claim is procedurally defaulted if a petitioner fails to fairly present the federal habeas claim to the state courts but has no remaining state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A procedural default can occur when a petitioner "fails to obtain consideration of a claim by a state court," either because he failed to raise the claim before the state court or because a state procedural rule prevented the state court from reaching the merits of the claim, and he has no available remedy left in state court. *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir.2000) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has no remedy still available to him in state court to assert this claim because a state procedural rule prevented the state courts from reaching the merits of his underlying appeal. He already attempted to file a delayed appeal in the Ohio Court of Appeals and the Ohio Supreme Court and was denied leave to proceed. His claims in this Petition are therefore procedurally defaulted.

Although his claims are procedurally defaulted, the Court may excuse the default and consider the claims on the merits if Petitioner demonstrates that (1) there was cause for him not to raise this issue in the state courts and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720,

735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In this case, Petitioner argues that the trial court did not advise him of his right to appeal and his trial counsel did not file a timely Notice of Appeal on his behalf. Assuming that this could be considered to be cause to excuse his failure to file a timely appeal, he has not demonstrated actual prejudice from the action. Nowhere in the pleading does Petitioner mention the underlying claims he was attempting to assert in his delayed appeals. He does not indicate the grounds he would have asserted in the delayed appeal, and did not attempt to assert those grounds in his attempted delayed appeal to the Ohio Supreme Court. He does not include those grounds in this Habeas Petition. The Court has not basis upon which it can conclude that Plaintiff was prejudiced by either of these actions.

Instead, Petitioner merely asks this Court to essentially overturn the decision of the Ohio Court of Appeals to deny his Motion for Leave to File Delayed Appeal. (Doc. 1 at 16). A federal court may grant habeas relief only if Petitioner's conviction or sentence was the result of a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was the result of a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774-76. This Court cannot act through a writ of habeas corpus to grant relief from other State Court orders.

**III.     Conclusion**

For all the foregoing reasons, the Petition (Doc. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: December 4, 2012                     */s/ John R. Adams*
                                                         JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE